the fact that the intention of the parties was exactly such as the law imported from the instrument itself.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

ALLIED MFRS., Inc., v. ZURN.　(No. 6511.)

(Supreme Court, Appellate Division, First Department.　December 4, 1914.)

1. ATTACHMENT (§ 102\*)—MOVING PAPERS—SUFFICIENCY.

　　Where the moving papers upon which an attachment was asked show that the plaintiff claimed and intended to rely upon full performance of the contract by him, they are sufficient in that particular, in the absence of a specific objection for defects or omissions.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. § 102.\*]

2. ATTACHMENT (§ 245\*)—VACATING—TRIAL OF PLAINTIFF'S RIGHT.

　　Where the moving papers for an attachment aver full performance by plaintiff of the contract, which defendant denied, that issue being the vital one in the case, the plaintiff is entitled to have it determined upon the trial, and not upon the affidavits, and an order vacating the attachment upon the affidavits will be reversed.

　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 864; Dec. Dig. § 245.\*]

Appeal from Special Term, New York County.

Action by the Allied Manufacturers, Incorporated, against Franz Zurn. From an order granting defendant's motion to vacate the attachment, plaintiff appeals. Order reversed, and motion to vacate denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCKISS, JJ.

Thomas M. Simonton, of New York City, for appellant.

Joseph M. Proskauer, of New York City, for respondent.

DOWLING, J.　[1] The original moving papers upon which the attachment herein was granted, reasonably construed, are sufficient to aver performance of the contract in question by the plaintiff. If the plaintiff's allegations plainly directed to the statement of that fact were deficient in any particular, the omission could readily have been supplied had an objection been urged upon that ground, for the facts as stated show that plaintiff claimed and intended to rely upon full performance of the contract by him.

[2] Nor does the defendant seriously question the sufficiency of the moving papers, but he has submitted affidavits seeking to establish nonperformance by the plaintiff, and asks that the attachment be vacated upon that ground. It would seem that the plaintiff is entitled to have that issue, which is the vital point of the case, determined upon a trial and not upon affidavits.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to vacate the warrant of attachment denied, with $10 costs. All concur.